In 1778 the bond was executed upon which this action is founded; in 1780 the surviving partner assigned all his interest in the partnership effects; in 1786 the act of Assembly passed, and in 1789 the defendant recovered this judgment, which he now offers to set off.
The best way of ascertaining whether a demand may be set off is to consider, in the first place, whether it is such a demand in itself, and of its own nature, as may be set off; secondly, against whom it may be set off. A demand for unliquidated damages cannot be set off. The Legislature never could intend to introduce so much confusion as that of trying actions of trover, trespass, or the like, by way of set-off in an action of debt. Had the defendant's demand been for damages, or any unliquidated sum, I should have been very clearly of opinion it could not be set off; but it is not for unliquidated damages; it is for a sum certain, reduced in remjudicatam by the judgment. It is, therefore, in itself and of its own nature, capable of being set off, whatever may have been its origin, and although before the judgment it might have sounded only *Page 380 
in damages. The true question is, Can debt or indebitatus assumpsit be brought upon the demand offered to be set off? If it may, then the sum is such an one as may be set off. Here debt would lie upon the judgment, and therefore it is capable in itself of being set off. With regard to the party against whom it may be set off, I take the distinction to be this: where the debt offered to be set off is recoverable and payable out of the same fund that the debt to be recovered in the action goes to increase, it may be set off. Where two plaintiffs sue, and the sum offered to be set off can be recovered of one of them only, it cannot be set off; or where one sues, and the sum offered to be set off is due from that one and another, it cannot be set off; because, in either case, the two actions cannot be reduced to one by a set-off without doing an injury to a third person by subjecting him to the effects of an action to which before the act of set-offs he would not have been subject. The act did not mean to extend the action of the defendant to a person not liable (477) to it without the act but only to give him the effect of an action against the plaintiff to which the plaintiff was liable without the act, but not subject to by way of set-off. The law is so with respect to a partnership dealing. The defendant cannot, by execution upon a judgment against one partner in his private capacity, seize and sell the whole partnership effects; he can only sell the share of the partner against whom he has judgment, and the vendee becomes tenant in common with the other. If he cannot affect the other's share by judgment and execution, surely he cannot do it by set-off, which is in lieu of an action. The law is so stated in Salk and several other books, and this is the meaning of the case cited by Mr. Williams from Term Re., but all this goes upon the supposition that the two partners are alive, and both sue. The case is widely different where one dies, for then the survivor has all the partnership effects in jure proprio. He may release the debts, give away the effects, sell and dispose of them to whom he pleases; he alone can take possession of all the effects. The executors of the deceased cannot object to any disposition he may think proper to make; they cannot lay claim to any particular article; they cannot sue as vendee or donee, and recover the effects. When an action is brought for the partnership debts and effects, he sues in jure proprio, naming himself by his proper name without the addition of surviving partner, and states his right in the declaration. The maxim cited by Mr. Williams is a true one, but it is not to be understood as he understands it. It means that the interest and property of the deceased does not cease as to him, and become vested in the survivor, as in the case of other joint tenants; but that there survives to the representatives of the deceased a right to demand the deceased's share of the clear balance that shall *Page 381 
remain after the debts due to and from the partnership shall be collected and paid by the survivor. Their claim is to an account, and for the balance in money, not to any specific articles or debts of the partnership. The survivor is their debtor and they his creditors to the amount of the balance; therefore, when he sues a partnership debtor he sued in jureproprio; and that debtor, if he has a demand against him in his private right, may set it off; and that is the reason of the case in 5 Term, 493. If Campbell were the plaintiff here, and the assignment had not been made, this debt might be set off. Then what effect has the assignment? In this Court, by the rules of the old common law, it has no effect. A chose in action cannot be assigned; it vests no legal interest in the assignee; but then the act of Assembly comes in and legalizes (478) the assignment, and gives it the effect of legally vesting the whole interest the assignor had in the assignee; and that assignment having been prior to the defendant's recovery, exempts the effects in the assignee's hands from the after incumbrances of the assignor. From the time of this act Campbell had neither an interest in nor a remedy for this debt; he could not now sue for it were he in the country, and if his interest has so completely departed from him that he has no control over the debt, nor can institute nor release any suit for it, then he and his property is liable to the defendant's action upon the judgment, and the defendant is liable for the bond to the action of other persons, whose recovery will go to increase the fund of the assignee, which is not liable to pay the debt due to the defendant; and, consequently, the plaintiffs are not such persons against whom the defendant's demand can be set off.